**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISON**

ANTHONY LORELLO,

    Plaintiff,

v.                                                                                             CASE NO.

TIBBETTS LUMBER CO., LLC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **ANTHONY LORELLO** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **TIBBETTS LUMBER CO., LLC** ("Defendant") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages, and for declaratory relief, in violation of rights secured by 29 USC §2601 *et seq*., known as the family and Medical Leave Act of 1993 ("FMLA"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims arose in Pinellas County, which lies within the Middle District of Florida.

**PARTIES**

3. Plaintiff is a resident of Pinellas County, Florida.

4. Defendant is authorized and doing business in Pinellas County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA, the ADA, and the FCRA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA, the ADA, and the FCRA.

9. Defendant continues to be an "employer" within the meaning of the FMLA, ADA, and the FCRA.

10. At all times material hereto, Plaintiff was a protected employee under the FMLA.

11. At all times material hereto, Plaintiff worked at least 1,250 hours within the last year of her employment.

12. At all times material hereto, Defendant was a covered employer under the FMLA, who met the requisite 50 employee threshold at Plaintiff's workplace.

13. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

## FACTS

14. Plaintiff worked for Defendant as an international administrator from on or about January 14, 2013 until his unlawful termination on or about February 6, 2019.

15. Plaintiff missed work due to a serious medical condition that substantially limited his ability to perform one or more major life activities within the meaning of the FMLA, ADA, and FCRA.

16. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

17. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and the FCRA.

18. Plaintiff notified Defendant of his serious medical condition requiring leave so he could have surgery on his heart.

19. Plaintiff provided proper documentation in support of his need for medical leave.

20. Defendant initially granted Plaintiff's leave to have surgery on his heart.

21. On or around January 16, 2019, Plaintiff was discharged from the hospital following his surgery, and he immediately apprised Defendant of his recovery and need for a reasonable accommodation upon his return.

22. Respondent failed to engage in the interactive process. Instead, Defendant retaliated against Plaintiff for his absences and for taking protected leave.

23. Specifically, upon his return to work Plaintiff was verbally scolded by Maria Villamore in Accounts Payable. She berated Plaintiff for taking leave and expressed her anger that she had to do "[his] work."

24. Plaintiff complained about the disparate treatment and retaliation by Ms. Villamore as a result of his protected leave and request for a reasonable accommodation.

25. Defendant ignored his complaints and failed to take any remedial action.

26. Instead, Defendant actually did the opposite and blamed Plaintiff for an alleged "company violation."

27. Plaintiff was terminated within a couple weeks of his return from protected leave.

28. On or about February 6, 2019, Defendant terminated Plaintiff's employment based on his disability/handicap and in retaliation for seeking a reasonable accommodation and for taking protected leave.

29. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the FMLA, the ADA, and the FCRA.

## COUNT I – FMLA INTERFERENCE

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Plaintiff was eligible for FMLA.

32. Defendant is a covered employer as defined by the FMLA.

33. Plaintiff took leave for a serious health condition under the FMLA.

34. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise Plaintiff's FMLA rights, including, denying to reinstate full benefits and conditions of his employment and terminating Plaintiff's employment.

35. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

36. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    a. Enter a judgment that Defendant's interference of Plaintiff's rights was in violation of the FMLA;

    b. Enjoin and permanently restrain Defendant from further violations of the FMLA;

    c. Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

    d. Award front pay to Plaintiff;

    e. Award liquidated damages to Plaintiff;

    f. Award reasonable attorney's fees and costs to Plaintiff; and

    g. Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FMLA RETALIATION

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

38. Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

39. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

40. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

41. Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    a. Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

    b. Enjoin and permanently restrain Defendant from further violations of the FMLA;

    c. Award back pay to Plaintiff plus interest and all benefits;

    d. Award liquidated damages to Plaintiff;

    e. Award reasonable attorney's fees and costs to Plaintiff; and

    f. Additional relief to which Plaintiff is entitled, including equitable relief.

### COUNT III – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

43. Plaintiff is a member of a protected class under the ADA.

44. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

45. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

**WHEREFORE** Plaintiff Demands:

a) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

b) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

c) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

d) Any other compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Prejudgment interest on all monetary recovery obtained.

g) All costs and attorney's fees incurred in prosecuting these claims; and

h) For such further relief as this Court deems just and equitable.

## COUNT IV – ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

46. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

47. Plaintiff is disabled, or was perceived by Defendant as being disabled.

48. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE* Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT V – ADA RETALIATION

51. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

52. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

53. Plaintiff engaged in protected activity under the ADA by seeking an accommodation.

54. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

55. Defendant's actions were willful and done with malice.

56. The adverse employment action that Defendant took against Plaintiff was material.

57. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d)     That this Court enter an injunction restraining continued violation of the ADA;

    e)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    g)     Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h)     Any other compensatory damages, including emotional distress, allowable at law;

    i)     Punitive damages;

  j) Prejudgment interest on all monetary recovery obtained.

  k) All costs and attorney's fees incurred in prosecuting these claims; and

  l) For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under the FCRA.

60. Plaintiff was subjected to disparate treatment on the basis of his handicap, disability, and/or perceived handicap/disability.

61. Defendant's actions were willful and done with malice.

62. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

 ***WHEREFORE***, Plaintiff demands:

  i) A jury trial on all issues so triable;

  j) That process issue and that this Court take jurisdiction over the case;

  k) Compensation for lost wages, benefits, and other remuneration;

  l) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  m) Any other compensatory damages, including emotional distress, allowable at law;

  n) Punitive damages;

  o) Prejudgment interest on all monetary recovery obtained.

  p)  All costs and attorney's fees incurred in prosecuting these claims; and

  q)  For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

63. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

64. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

65. Defendant failed to provide Plaintiff with a reasonable accommodation for his handicap, and shortly thereafter, terminated his employment.

66. Defendant's actions were willful and done with malice.

67. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE*** Plaintiff demands:

  (a)  A jury trial on all issues so triable;

  (b)  That process issues and that this Court take jurisdiction over the case;

  (c)  An injunction restraining continued violation of the law enumerated herein;

  (d)  Compensation for lost wages, benefits, and other remuneration;

  (e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

  (f)  Compensatory damages, including emotional distress, allowable at law;

  (g)  Punitive damages;

  (h)  Prejudgment interest on all monetary recovery obtained;

    (i)  All costs and attorney's fees incurred in prosecuting these claims; and

    (j)  For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA RETALIATION

  68.  Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

  69.  Plaintiff is a member of a protected class under the FCRA.

  70.  Plaintiff engaged in protected activity under the FCRA by seeking a reasonable accommodation.

  71.  Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

  72.  Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of his job with Defendant.

  73.  Defendant's actions were willful and done with malice.

  74.  Defendant took material adverse action against Plaintiff.

  75.  Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

  *WHEREFORE*, Plaintiff demands:

    m)  A jury trial on all issues so triable;

    n)  That process issue and that this Court take jurisdiction over the case;

    o)    That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising his rights under the FCRA;

    p)    Compensation for lost wages, benefits, and other remuneration;

    q)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

    r)    Front pay;

    s)    Any other compensatory damages, including emotional distress, allowable at law;

    t)    Punitive damages;

    u)    Prejudgment interest on all monetary recovery obtained.

    v)    All costs and attorney's fees incurred in prosecuting these claims; and

    w)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 16th day of January, 2020.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: gnichols@wfclaw.com
**Attorney for Plaintiff**

and

**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE FOR JUSTICE LLC**
1205 N Franklin St., Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorney for Plaintiff**